UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH J. JONES,

    Plaintiff,                                   CIVIL ACTION NO. 05-CV-40270-DT

  v.

                                            DISTRICT JUDGE PAUL V. GADOLA
                                            MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on June 28, 2002, alleging that she had been disabled and unable to work since December 11, 2001, at age 48, due to severe back, neck and shoulder pain, hypertension, and mental depression. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on November 5, 2004, before Administrative Law Judge (ALJ) Earl Witten. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of unskilled, light work involving no more than occasional bending, twisting or turning.

The Law Judge also determined that the claimant was unable to perform work requiring the use of vibrating tools. She could not be exposed to moving machinery, unprotected heights or temperature extremes. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 51 years old at the time of the administrative hearing (TR 136, 240). She was a college graduate, and had been employed as a teacher and phlebotomist (collector of blood samples needed for transfusion, diagnosis or experiment) during the relevant past (TR 61, 76-77, 242). As a phlebotomist in a hospital laboratory, Plaintiff had to be on her feet for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 10 pounds on a regular basis (TR 69, 242). Claimant stopped working in December 2001, due to severe back, neck and shoulder pain[1] (TR 243).

Plaintiff testified that she remained disabled as a result of radiating back pain that prevented her from sitting, standing or walking for prolonged periods (TR 242-244). Other impairments which prevented claimant from returning to work included neck pain, hypertension and mental depression (TR 55, 245, 247). Despite using a heating pad several times a day to help relieve her joint pain, Plaintiff doubted that she could sit or stand for longer than 15 minutes at one time (TR 244-245). The claimant added that she had not driven a car since March 2004, when her driver's license was suspended following

---

[1] Plaintiff settled a workers' compensation claim in October 2003, and she collected short term disability benefits from her employer through December 2002 (TR 249, 252).

an automobile accident (TR 250). Plaintiff spent her day caring for her teenage daughter, performing light household chores and preparing simple meals.  While the claimant did not usually take naps during the day, she had to lie down and rest when she felt exhausted from her exertional activities (TR 87, 245).

A Vocational Expert, Sandra Steele, classified Plaintiff's past work as light, semiskilled  activity (TR 255). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[2] (TR 258). If she were capable of light work, however, there were numerous cashier, clerical, assembly and retail sales jobs that she could still perform with minimal vocational adjustment (TR 256). These simple, routine jobs did not require using vibrating tools, and would not expose her to moving machinery, unprotected heights or temperature extremes. Furthermore, those jobs did not involve any crawling, squatting, kneeling or climbing (TR 255-256).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was  impaired as a result of degenerative disc disease and an affective  disorder, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back pain and mental depression prevented her from working at jobs requiring frequent bending, twisting, turning, crawling, squatting, kneeling and climbing.  He further determined that Plaintiff could not use vibrating tools, or work near moving machinery or at unprotected heights. Plaintiff was also restricted to simple, routine unskilled work, due to her periodic depression.  The Law Judge

---

[2]The witness testified that claimant's alleged need to lie down several times a day would preclude all work activity (TR 258).

nevertheless found that Ms. Jones retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity.  She also argues that

**4**

the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or mental depression

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain.  Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003  (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work with no crawling, squatting, kneeling or climbing.  Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of disabling back and neck pain. Objective clinical studies showed mild arthritic changes along the lumbar spine that did not compromise the spinal canal (TR 112).  There was no sign of canal or foraminal stenosis of the cervical spine (TR 111).  While Plaintiff complained of severe left shoulder

discomfort, there was no indication of a rotator cuff injury or impingement syndrome (TR 109-110). Left elbow neuropathy was described as just mild (TR 135). An X-ray of the entire spine showed "tiny" disc bulges and protrusions (TR 140-141). Moreover, numerous clinical examinations found few, if any, neurological abnormalities (TR 116, 122, 212, 214, 217, 222, 224-227).

While Plaintiff alleged that her depression interfered with her memory and ability to concentrate, she also indicated that she was able to read, cross-stitch and complete word search puzzles. Plaintiff cooked, performed household chores and drove her daughter to and from school (TR 78-83, 87-90). The claimant had been driving approximately 50 miles a day to visit her ill mother until a March 2004, automobile accident (TR 212, 250-251). The ability to engage in such activities stands in sharp contrast to Plaintiff's allegation that she suffered from a complete inability to concentrate, and undermines any suggestion that she was totally disabled by severe joint pain or mental difficulties.

Two examining physicians opined that the claimant's back, neck and shoulder problems should be treated conservatively, and were not severe enough to warrant surgery (TR 123, 137). The fact that Plaintiff twice refused pain management therapy (TR 134, 158), and was noted to be resistant to treatment recommendations (TR 212), casts further doubt on her credibility and distracts from any claim of total disability. When evaluating Plaintiff's residual physical and mental functional capacity, the Law Judge also took into consideration the opinion of state agency consultants[3], who concluded that the claimant

---

[3] Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2005).

could perform a restricted range of light work, despite her joint pain and emotional problems (TR 170-192).  In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her joint pain and mental depression were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to lie down frequently throughout the day.  The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to simple, routine jobs that did not require any crawling, squatting, kneeling or climbing.  Those jobs would not expose claimant to moving machinery, unprotected heights or temperature extremes.

Plaintiff relies heavily upon the fact that Drs. Stotler and Van der Harst both found her to be totally disabled (TR 204, 228-230). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government.  Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence.  Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).  Since Drs. Stotler and Van der Harst offered little objective evidence[4] to support

---

[4]The ALJ rejected both doctors' opinion, setting forth persuasive reasons for doing so. The ALJ expressed concern about the lack of medical documentation to support their respective opinions. As the Law Judge observed, most of the objective clinical findings of record were rather benign (TR 17, referring to TR 109-116, 140-141). Moreover, the ALJ noted that Dr. Stotler offered no time frame for her opinion. The Law Judge was reasonably concerned with this omission, given that the Plaintiff was in a March 2004, automobile accident that appeared to temporarily exacerbate her joint pain. Dr. Van der Harst observed few clinical abnormalities during her one time examination (TR 202-203), and Dr. Stotler

their statements of disability, their respective opinions need not have been given any special weight.  Miller v. Secretary, 843 F.2d 221, 224  (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered.  Landsaw v. Secretary, 803 F.2d  211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with

---

found few, if any, neurological abnormalities related to claimant's back condition. (TR 212, 214, 217, 222-227). Indeed, it appears the doctors' statements were based primarily on Plaintiff's subjective complaints, rather than the objective medical evidence.

**8**

her significant impairments[5], the Vocational Expert testified that there were numerous unskilled cashier, clerical, assembly and retail sales jobs that she could still perform with minimal vocational adjustment (TR 256). These simple, routine jobs did not require using vibrating tools, and would not expose her to moving machinery, unprotected heights or temperature extremes. Furthermore, those jobs did not involve any crawling, squatting, kneeling or climbing (TR 255-256).  Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with

---

[5]Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described her moderate postural limitations. The VE testified that the 145,000 cashier, assembly, clerical and retail positions did not require any repetitive bending, twisting, turning, crawling, squatting, climbing or kneeling (TR 255-256). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/Donald A. Scheer
                                                  DONALD A. SCHEER
                                                  UNITED STATES MAGISTRATE JUDGE

DATED: February 9, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 9, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 9, 2006. **None.**

                                                  s/Michael E. Lang
                                                  Deputy Clerk to
                                                  Magistrate Judge Donald A. Scheer
                                                  (313) 234-5217