UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH J. JONES,

                        Plaintiff,

                                              CIVIL CASE NO. 05-40270

v.

COMMISSIONER OF SOCIAL SECURITY,        HONORABLE PAUL V. GADOLA
                                                         U.S. DISTRICT COURT
                                    Defendant.
_____/

**<u>ORDER ACCEPTING REPORT AND RECOMMENDATION</u>**

Before this Court are Plaintiff's motion for summary judgment filed on November 29, 2005, Defendant's motion for summary judgment filed on January 23, 2006, and Magistrate Judge Donald A. Scheer's Report and Recommendation. The Magistrate Judge served the Report and Recommendation on the parties on February 9, 2006, and notified the parties that any objections must be filed within ten days of service. Plaintiff timely filed objections to the Report and Recommendation, and Defendant filed a response. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation, granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment.

**I.     Background**

Plaintiff filed an application for disability benefits on June 28, 2002 alleging that her date of disability had commenced on December 11, 2001. After Plaintiff's disability application was denied, Plaintiff requested, and was granted, a hearing on her application. The hearing was held on November 5, 2005. As a result of the hearing, the Administrative Law Judge ("ALJ") denied

Plaintiff's disability benefits. Plaintiff appealed the ALJ's decision to the Appeals Council, which declined to grant a review, thereby making the decision by the ALJ to deny disability benefits the final decision of the Social Security Commissioner. Plaintiff appealed the ALJ decision to this Court pursuant to 42 U.S.C. § 405(g). After the parties filed cross-motions for summary judgment and the Magistrate Judge recommended to uphold the ALJ decision, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

Plaintiff is seeking social security benefits because of back, neck, left arm and shoulder pain, hypertension, and mental depression. Plaintiff previously worked as a teacher and a phlebotomist in a hospital laboratory. Plaintiff alleges that because of her condition, she can no longer continue working the way she had in the past.

The ALJ determined that Plaintiff was impaired as a result of a degenerative disc disease and an affective disorder. The ALJ found that Plaintiff's condition prevented her from working at jobs requiring frequent bending, twisting, turning, crawling, squatting, kneeling and climbing. Furthermore, the ALJ found that Plaintiff was unable to perform work requiring the use of vibrating tools and that she could not be exposed to moving machinery, unprotected heights, or temperature extremes. The ALJ ruled, however, that these medical impairments were not sufficient to grant disability benefits. In support of his conclusion, the ALJ determined that although Plaintiff's conditions restricted her work capabilities, Plaintiff nevertheless retained the residual functional capacity to perform a significant number of light jobs within certain limitations. In so ruling, the ALJ relied on the testimony and findings of a vocational expert who concluded that there were 145,000 cashier, clerical, assembly, and retail positions that Plaintiff could still perform with

minimal vocational adjustment. Considering all this and other evidence, the ALJ concluded that Plaintiff did not qualify for disability benefits and consequently denied her application.

## II. Standard of Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Plaintiff filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright,

Federal Practice § 3070.2.  After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge.  *See Lardie,* 221 F. Supp. 2d at 807.  If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation.  *See id.*; 12 Wright, Federal Practice § 3070.2.  Because Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation, this Court will review the record *de novo.*

**III.   Analysis**

Because the Appeals Council declined to grant Plaintiff's request for appeal, the decision made by the ALJ became the final decision of the Social Security Commissioner.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232 (6th Cir. 1993).  A final decision of the Commissioner may be appealed to a district court pursuant to 42 U.S.C. § 405(g).  This final decision must be affirmed by a district court if the Commissioner applied the correct legal standards and if the findings of fact are supported by substantial evidence.  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'"  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)). Moreover, "[i]f substantial evidence supports the Commissioner's decision, this Court will defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite

conclusion.'" *Longworth*, 402 F.3d at 595 (quoting *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir. 1997)).

Considering the entire administrative record in this case, the Court finds that there is substantial evidence to support the ALJ's ruling.  During the alleged period of disability, Plaintiff cooked, cleaned, cross-stitched, shopped for groceries on occasion, drove her daughter to and from school, visited friends and family on an ongoing basis, and drove approximately fifty miles to Saginaw, Michigan frequently to care for her mother.  Furthermore, an impartial vocational expert testified that 145,000 light work positions were available for an individual with Plaintiff's subjective characteristics and that Plaintiff was capable of making a successful adjustment to such light work. Though there was competing medical opinions about Plaintiff's position, the ALJ considered the opinions supporting Plaintiff's position and found that they conflicted with the evidentiary record or that they were not supported by sufficient medical documentation.  Based on the evidentiary record, it was possible for the ALJ to find that, though Plaintiff had some disabilities, the intensity and the extent of the disabilities alleged by Plaintiff were not substantiated by objective evidence. The Court concludes for these reasons that the record contains substantial evidence to support the ALJ's conclusion that Plaintiff is not entitled to disability benefits.  Consequently, this Court will defer to the judgment of the ALJ.  *See Longworth*, 402 F.3d at 595.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections to the Magistrate Judge's Report and Recommendation [docket entry 15] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 14] is **ACCEPTED and ADOPTED** as the opinion of this Court.


**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [docket entry 9] is **DENIED** and Defendant's motion for summary judgment [docket entry 12] is **GRANTED**.

**SO ORDERED.**

Dated:   June 26, 2006                           s/Paul V. Gadola
                                                 HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   June 27, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                          James A. Brunson; Matthew F. Taylor           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                            .

                                                 s/Ruth A. Brissaud
                                                 Ruth A. Brissaud, Case Manager
                                                 (810) 341-7845